IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BOBBY D. SLIGAR                                                                                    PLAINTIFF

vs.                                            Civil No. 5:08-cv-05189

MICHAEL J. ASTRUE                                                                               DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before this Court is Plaintiff's Motion for Award of Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (Doc. No. 10).[1] Defendant has responded to this motion and only objects to the hourly rate claimed by Plaintiff's counsel. (Doc. No. 12). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren referred this motion to the Honorable Barry A. Bryant for the purpose of making a report and recommendation.

1. **Background:**

Bobby Sligar ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Doc. No. 1). On August 18, 2009, the Honorable Jimm Larry Hendren reversed and remanded Plaintiff's case to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 9). On October 30, 2009, Plaintiff requested fees under the EAJA. (Doc. No. 10). Plaintiff has requested an award of $2,596.47, representing 15.00 hours of attorney work at an hourly rate of $172.13 per hour, plus expenses of $16.47. *See id.* On November 10, 2009, Defendant responded to this application and did not object to Plaintiff's request for fees under

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

the EAJA, but did object to the hourly rate claimed by Plaintiff's counsel and argued Plaintiff's counsel is not entitled to an EAJA rate greater than $167.00 per hour.  (Doc. No. 12).

 2. **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 9). Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose Plaintiff's claim that he is entitled to fees under the EAJA. (Doc. No. 12). This Court construes this lack of opposition to this application in the present action as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests an award under the EAJA of $2,596.47, representing 15.00 hours of attorney work at an hourly rate of $172.13 per hour, plus expenses of $16.47. (Doc. No. 10). Such an enhanced hourly rate for attorney work is authorized by the EAJA as long as a CPI is submitted, and this CPI demonstrates a cost of living increase. *See Johnson,* 919 F.2d at 504. Plaintiff has submitted a CPI demonstrating a cost of living increase. (Doc. No. 11-1). However, this Court finds the Plaintiff's claimed hourly rate of $172.13 is excessive and finds that an award based upon an

hourly rate of $167.00 per hour, reflecting an increase in the cost of living, will result in consistent hourly fee awards in cases in Arkansas.   This Court finds $167.00 per hour for attorney work is proper and awards Plaintiff this amount.

This Court notes Defendant has not objected to the number of hours for which counsel seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable.  Thus, this Court finds Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $2,521.47, representing 15.00 hours of attorney work at an hourly rate of $167.00 per hour, plus expenses of $16.47.

**4. Recommendation:**

Based upon the foregoing, the Court recommends an award of $2,521.47 in attorney's fees and costs pursuant to the EAJA, 28 U.S.C. § 2412.

The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 13th day of November, 2009.

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE